| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------x<br>IN RE:<br><br>HENYA EHRLICH,<br><br>                         Debtor.<br>------------------------------------------------x | TF-0014/NA<br>March 13, 2024<br>9:00 AM<br><br>Case No. 23-22649-CGM-13<br><br>Hon. CECELIA G. MORRIS<br><br>**NOTICE OF MOTION** |

       PLEASE TAKE NOTICE, that upon the within application, the Chapter 13 Trustee will move this court before the Honorable Cecelia G. Morris, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, VIA ZOOM on the 13th day of March, 2024 at 9:00 AM, or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §1307(c) for cause, dismissing this Chapter 13 case and for such other and further relief as may seem just and proper.

       **PLEASE TAKE FURTHER NOTICE, that any hearing on the within application will be held by telephone or Zoom video conference only.  No in-person hearing will be held in the Courthouse. Participants are required to register their appearance at https:// ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl   48 hours before the scheduled hearing.**

       Responsive papers shall be filed with the Bankruptcy Court and served upon the Chapter 13 Trustee, Thomas C. Frost, Esq., no later than seven (7) days prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Date:  White Plains, New York
         February 20, 2024

                                                        /s/ *Thomas C. Frost*
                                                        THOMAS C. FROST, CHAPTER 13 TRUSTEE
                                                        399 KNOLLWOOD ROAD, STE 102
                                                        WHITE PLAINS, NY 10603
                                                        (914)328-6333

|  | TF-0014/NA |
|---|---|
| UNITED STATES BANKRUPTCY COURT | March 13, 2024 |
| SOUTHERN DISTRICT OF NEW YORK | 09:00 AM |

-----------------------------------------------x

IN RE:  Case No: 23-22649-CGM-13

HENYA EHRLICH,  Hon. CECELIA G. MORRIS

**APPLICATION**

Debtor.

-----------------------------------------------x

TO THE HONORABLE CECELIA G. MORRIS, U.S. BANKRUPTCY JUDGE:

THOMAS C. FROST, ESQ., Standing Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

1. The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 13 on September 5, 2023 and, thereafter, THOMAS C. FROST was duly appointed and qualified as Trustee.

2. The Debtor's proposed Chapter 13 plan is not feasible as it is not adequately funded to provide for full repayment to the secured claims as required by 11 U.S.C. §1325(a)(5).

3. Further, the Debtor has failed to:

   a. file with the Court evidence that the Debtor has completed an instructional course concerning personal financial management as required by 11 U.S.C. §1328(g)(1);

   b. file with the Court a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. §1328(a)

   c. provide the Trustee with affidavits of contribution for each person contributing to the proposed plan or to payment of expenses of the Debtor's household with proof of income;

   d. provide to the Trustee information regarding the Debtor's outstanding civil litigation set forth on Schedule A/B; and

   e. submit to this Court a proposed order granting loss mitigation as requested on September 5, 2023. (ECF No. 6).

4. Further, the Debtor's budget shows that the Debtor is not making reasonable efforts to pay the household's reasonable disposable income into the case pursuant to 11 U.S.C. Section 1325 (b); the Debtor is proceeding in this case in bad faith, an effort proscribed by 11 U.S.C. Section 1325(a)(3); all the above constitutes cause to dismiss case pursuant to 11 U.S.C. Section 1307(c).

5. As per Schedule I of the Debtor's petition, the household earns at least $20,537.83 in net income. *See* ECF No. 1, Petition, Schedule I, p 31-32. According to Schedule J, the household is a five-person household and of the total net income, the Debtor proposes a payment of $720.83 a month into the Chapter 13 Plan, or approximately 3.5 % of the net household income. ECF No.4, Plan, Part 2.

6. A review of the expenses as set forth on the Debtor's Schedule J shows the problem. The Debtor's Schedule J listed monthly expenses totaling $19,817.00. Examples of the expenses of note are as follows: "Food and housekeeping supplies" expense of $5,000.00 (line 7); "Childcare and children's education costs" for $3,000.00 (line 8) and "Vehicle Insurance" in the amount of $1,200.00 (line 15c).

7. Under Section 1325(b)(2), only reasonably necessary expenses may be deducted from income to arrive at the proper disposable income figure which must be paid into the plan. *See, In re McGillis*, 370 B.R. 720, 730 (Bankr. W.D. Mich. 2007) (holding that Section 707(b) should not be held to substitute for the reasonably necessary requirement of Section 1325(b)).

8. In particular, the Debtor's expense for "Food and housekeeping supplies" of $5,000.00 per month is especially concerning.

9. A $5,000.00 per month expense for the Food and Housekeeping Supplies is not a reasonable expense for the Debtor given the size of her household. The IRS National Standards for food, clothing and other items for a household of five is only $2,349.00 as set forth in the Form 122C-2, Chapter 13 Calculation of Your Disposable Income. See ECF No. 1, Petition, Form 122C-2, p 54. Further, as set forth in Form 122C-2, the Additional Food and Clothing Expense listed on Form 122C-2 claimed must not be more than 5% of the IRS National Standard (or $117.45 in this case) and even then, the Debtor must show that the additional amount claimed is reasonable and necessary.

10. Here, the Debtor listed a Food and Clothing Expense of $4,149.00 on her Form 122C-2 which is nearly double the IRS National Standard (which is still $851 less than what the Debtor claimed on Schedule J). *Id.* at 58.

11. As the IRS National Standard sets forth a Food and Clothing Expense of $2,466.45 (including the maximum additional allowed), the Debtor's Food and Housekeeping supplies of $5,000.00 is not reasonable or necessary.

12. Chapter 13 bankruptcy is an amazing opportunity for Debtors to reorganize their financial affairs, but it also should serve as a financial "reality check". By filing for bankruptcy, Section 1325(b) envisions that Debtor's make "…some sacrifices or alteration in prepetition consumption levels." *See, In re Gleason*, 267 B.R. 630, 633 (Bankr. N.D. Iowa 2001)(also noting that debtors are not required to make drastic reductions in their living standards and "adopt a totally spartan experience").

13. "[M]odification of a debtor's lifestyle is often the price to be paid for the privilege of obtaining a Chapter 13 discharge." *See, In re McGilberry*, 298 B.R. 258, 260 (Bankr. M.D.Pa. 2003) (the plain failed the disposable income test because debtor made no effort to modify lifestyle and many expense items are overstated; the tenor of debtor's testimony was one of "defiance, not sacrifice or even cooperation").

14. To confirm a Chapter 13 plan, the Court must find that "the Plan has been proposed in good faith and not by any means forbidden by law". See, 11 U.S.C.§1325(a)(3).

15. "One of the primary purposes of the good faith evaluation…is to force the bankruptcy court to examine whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of the Chapter. At base, this inquiry often comes down to a question of whether the filing is fundamentally fair." *See, Matter of Love*, 957 F.2d 1350, 1357 (7th Cir. 1992).

16. If the Trustee objects, the Court cannot confirm a less than 100% payment plan unless that plan provides for payment of all the Debtors' projected disposable income by deducting reasonably necessary expenses from Debtors' current monthly income. *See*, 11 U.S.C. §1325(b)(1)(B).

17. The Trustee submits that the Debtor's expenses are unreasonable; as a result of which the Debtor is not paying her true disposable income into the estate pursuant to 11 U.S.C. Section 1325 (b). Additionally, the unreasonable expenses depict that the Debtor is proceeding in bad faith in the context of the Code requiring — pursuant to 11 U.S.C. 1325 (a)(3) — that a plan can be confirmed only if proposed in good faith.

18. The deficiencies as stated above impede the Trustee's ability to administer this case and, therefore, is a default that is prejudicial to the rights of the creditors of the Debtor pursuant to 11 U.S.C. §1307(c)(1).

19. The foregoing constitutes cause to dismiss this Chapter 13 case within the meaning of 11 U.S.C. §1307(c).

   WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order dismissing this Chapter 13 case and for such other and further relief as may seem just and proper.

Dated: White Plains, New York
   February 20, 2024

*/s/ Thomas C. Frost*
Thomas C. Frost, Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x   Case No: 23-22649-CGM-13
IN RE:

  HENYA EHRLICH,

**CERTIFICATE OF SERVICE
BY MAIL**

                    Debtor.
------------------------------------------------x

        This is to certify that I, Nancy Alexander, have this day served a true, accurate and correct copy of the within Notice of Motion and Application by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

HENYA EHRLICH
20 BIRET DR
AIRMONT, NY 10952

JOSHUA N. BLEICHMAN, ESQ.
BLEICHMAN & KLEIN, ESQS.
117 SOUTH MAIN STREET ROUTE 59
SPRING VALLEY, NY 10977

RAQUEL FELIX, ESQ
ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
900 MERCHANTS CONCOURSE
STE 310
WESTBURY, NY 11590


This February 20, 2024

<u>/s/Nancy Alexander</u>
Nancy Alexander, Paralegal
Office of the Standing Chapter 13 Trustee
Thomas C. Frost, Esq.
399 Knollwood Road, Suite 102
White Plains, New York 10603
(914) 328-6333

CASE NO: 23-22649-CGM-13
Hon. CECELIA G. MORRIS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------------------------------------------
IN RE:

HENYA EHRLICH,

            Debtor.


**NOTICE OF MOTION, APPLICATION
and
CERTIFICATE OF SERVICE**


**THOMAS C. FROST
STANDING CHAPTER 13 TRUSTEE
399 KNOLLWOOD ROAD, SUITE 102
WHITE PLAINS, NEW YORK 10603
(914) 328-6333**