```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICTOF NEW YORK
-------------------------------X
IN RE:
Henya Ehrlich                               Case No.  23-22649 CGM
         Debtor                                   Chapter 13
-------------------------------X
```

## OPPOSITION TO MOTION TO DISMISS CASE

I, Henya Ehrlich, Debtor, affirm the following is true and file this opposition to dismiss my case.

1.  I filed a petition under the provisions of 11 U.S.C. Chapter 13 on September 5, 2023.  Thomas C. Frost was appointed as Trustee.

2.  My proposed Chapter 13 plan is feasible.  It is adequately funded provided I obtain a loan modification for my mortgage and then the other creditors may be paid more than they would receive in a chapter 7 liquidation as required by 11 U.S.C. §1325(a)(3) and 11 U.S.C. §1325(a)(4).

3.  I have not failed to:

    a. file with the Court evidence that the Debtor has completed an instructional course concerning personal financial management as required by 11 U.S.C. §1328(g)(1). I did.  This is not a requirement for confirmation of my plan, only for my discharge.  I object to the insinuation as it is not a check box for confirmation.

    b. file with the Court a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. §1328(a).  I did.  This is not a requirement for confirmation of my plan, only for my discharge.  I object to the insinuation as it is not a check box for confirmation.

    c. provide the Trustee with affidavits of contribution for each person contributing to the proposed plan or to payment of expenses of the Debtor's household with proof of income; I did.

    d. provide to the Trustee information regarding the Debtor's outstanding civil litigation set forth on Schedule A/B; I did.  This is a personal injury action AGAINST me.  It is a liability not an asset.

e. submit to this Court a proposed order granting loss mitigation as requested on September 5, 2023. (ECF No. 6).   My attorney did this.

4. My budget shows that I am making reasonable efforts to pay the household's reasonable disposable income into the case pursuant to 11 U.S.C. Section 1325(b).

5. I am proceeding in good faith and the vague and unspecified allegations of bad faith, proscribed by 11 U.S.C. Section 1325(a)(3) is not specified and cannot be any cause to dismiss my case pursuant to 11 U.S.C. Section 1307(c) nor can I have an opportunity to respond to such vague allegations.

6. I am paying the disposable income as stated in my plan pursuant to 11 U.S.C. §1325 (b)(2). The Trustee's review of the expenses as set forth on the Debtor's Schedule J shows no problem.  My Schedule J listed monthly expenses totaling $19,817.00.   The Trustee states expenses of note are as follows: "Food and housekeeping supplies" expense of $5,000.00 (line 7); "Childcare and children's education costs" for $3,000.00 (line 8) and "Vehicle Insurance" in the amount of $1,200.00 (line 15c). I realize the Trustee has no inkling of the cost of living in Rockland County and buying kosher food for my family.   I send my children to religious schools and I also pay school tax to educate the Trustee's childen, not mine.

7. Under Section 1325(b)(2), only reasonably necessary expenses may be deducted from income to arrive at the proper disposable income figure which must be paid into the plan.  My necessary expenses are stated and I am contributing my disposable income to the plan.

8. My expense for "Food and housekeeping supplies" of $5,000.00 per month is low considering I live in high cost Rockland County and buy Kosher food products.

9. A $5,000.00 per month expense for the Food and Housekeeping Supplies is completely reasonable expense for the Debtor given the size of my household and the fact that I keep a Kosher home and must buy Kosher products.  It is renown that Kosher products are 20% higher that the IRS National Standards average for food, clothing and other items.  Living in New York is more expensive than

living in Youngstown, Ohio. The Trustee uses a National average and not reality of a Kosher home in in the New York City radius.

10. The Trustee complains my Food and Clothing Expense of $4,149.00 is reasonable considering I have growing children who outgrow their clothes every six months.

11. My Food and Clothing Expense of $2,466.45 and my Food and Housekeeping supplies of $5,000.00 is reasonable or necessary. It is renown that Kosher products are 20% higher that the IRS National Standards average for food, clothing and other items. Living in New York is more expensive than living in Youngstown, Ohio. The Trustee uses a National average and not reality of a Kosher home in in the New York City radius.

12. Chapter 13 bankruptcy is an amazing opportunity for Debtors to reorganize their financial affairs, which is why I filed. I have made substantial sacrifice and contribute my realistic disposable income rather than the income in Iowa.

13. I have modified my lifestyle and Chapter 13 is not a privilege but my right and after completing my plan I have the right to obtain a Chapter 13 discharge.

14. This Court should confirm my Chapter 13 plan because "the Plan has been proposed in good faith and not by any means forbidden by law". See, 11 U.S.C.§1325(a)(3).

15. The Trustee's boiler plate objection states "One of the primary purposes of the good faith evaluation…is to force the bankruptcy court to examine whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of the Chapter. At base, this inquiry often comes down to a question of whether the filing is fundamentally fair." *See, Matter of Love*, 957 F.2d 1350, 1357 (7th Cir. 1992). I have complied with this.

16. Despite a Trustee objection, the Court can confirm a less than 100% payment plan because my plan provides for payment of all the Debtors' projected disposable income by deducting reasonably necessary expenses from Debtors' current monthly income. *See*, 11 U.S.C. §1325(b)(1)(B).

17. I submit my expenses are reasonable; as a result of which I am paying my true disposable income into the estate pursuant to 11 U.S.C. Section 1325 (b). I have no unreasonable expenses and this does not depict that I am proceeding in bad faith in the context of the Code requiring — pursuant to 11 U.S.C. 1325 (a)(3) — that a plan can be confirmed only if proposed in good faith. It is renown that Kosher products are 20% higher that the IRS National Standards average for food, clothing and other items. Living in New York is more expensive than living in Youngstown, Ohio. The Trustee uses a National average and not reality of a Kosher home in in the New York City radius.

18. There are no deficiencies as stated above impede the Trustee's ability to administer this case. There is no default that is prejudicial to the rights of the creditors of the Debtor pursuant to 11 U.S.C. §1307(c)(1).

19. The Trustee has failed to give cause to dismiss this Chapter 13 case within the meaning of 11 U.S.C. §1307(c).

WHEREFORE, the Debtor respectfully requests that this Court enter an Order denying the motion to dismiss and for such other and further relief as may seem just and proper.

DATED: March 5, 2024
      Spring Valley, NY      /s/ Henya Ehrlich
                                Henya Ehrlich, Debtor

                                /s/ Joshua N. Bleichman
                                Joshua N. Bleichman
                                Law Office of Bleichman & Klein
                                Attorneys for Debtor
                                117 South Main St
                                Spring Valley, NY  10977
                                (845) 425-2510